King, J.
This is a petition in error to reverse the judgment of the *587 court of common pleas, and there is a motion to strike from the files a bill of exceptions. This motion will be considered in connection with other matters which arise upon the record. In examining the motion it is necessary to examine the record, and that discloses about this state of facts, in relation to the pleadings and other proceedings.
Some time in 1898, the plaintiffs brought an action to restrain the defendants from using a certain name in the manufacture of an article in imitation of an article manufactured by the plaintiffs. On the filing of that petition in the court below, a preliminary injunction was allowed by Judge Lemmon, on the 8th of September, 1898. On the 18th of September, 1898, the matter was heard on a motion to dissolve that temporary injunction, and the temporary injunction was dissolved. On the 28rd of October, there was a demurrer heard to the petition, and thereafter an answer was filed and the issue made up by the pleadings. During that time the plaintiffs also came and filed another motion to re-allow the temporary injunction, and on the 26th of January, 1894, the matter was called up and the court and the parties agreed that it might be tried upon its merits, and thereupon evidence was submitted. The case was tried and the issues were found with the defendants, and the petition of the plaintiffs was dismissed at their costs, to which the plaintiffs excepted. That judgment was of record on the 81st of Januarjr, 1894. On the 80th of March, 1894, — some fifty-nine days afterwards — the plaintiffs, or the parties, had a journal entry filed, overruling the motion to re-allow the injunction. It does not appear that there was any action of the court upon that, and on the same day the plaintiffs filed a motion to open up and re-hear the matter which had been tried and determined. That motion was pending until the 2nd of July, 1894, the following term, when it was heard and overruled, to which the plaintiffs excepted, and m the order plaintiffs were allowed fifty days from that tame to prepare and file a bill of exceptions; and, on the 20th of August, 1894, the plaintiffs filed a bill of exceptions, which this motion seeks to strike off. This bill of exceptions was presented to the ccurt, allowed, signed, filed and ordered made a part of the record. On the same day a petition in error was filed to reverse the judgment.
The petition in error states, that “There is error in said record and proceedings in this, to-wit: said court erred in overruling the motion of plaintiffs in error for a modification of the judgment and decree rendered.” And then it proceeds to state other assignments, that: “The facts set forth *588 in the answer are not sufficient in Jaw to constitute a defense to the action of plaintiffs in error. That said court erred in not sustaining the demurrer of plaintiffs in error to the answer of defendant in error. ’ ’
The bill of exceptions recites: “That on the 26th day of January, A. D. 1894., in the Honorable Court of Common Pleas of Lucas county, State of Ohio, before the Hon. Gilbert Harmon, Judge, said motion coming on to be heard, after presentation of the issues, or matters in dispute between the parties by the respective counsel to the court, the following proceedings were had. It was agreed between counsel for plaintiffs and defendants that in addition to the above motion before the court, the issues between the parties should be submitted to the court for a final hearing of said cause, for a full adjudication and determination thereof. Thereupon,, plaintiffs, to sustain the issues on their part, first offered and read in eyidence the affidavit of Mary C. Lorenz.” Then they called divers witnesses on both sides, and on that evidence the judgment of January 31, was rendered.
•This motion seeks to strike off this bill of exceptions because it was not filed in time. Part of the record shows that this evidence was offered and heard upon the trial of the case on the 26th of January, as appears by the judgment of the 31st of January. The statute in force then, as found in Vol. 91 O. L.. 141, provided:
“When the decision is not entered on the record, or the grounds of the objection do not sufficiently appear in the entry, or the exception is to the decision of the court on a motion to direct a non-suit, or to arrest the testimony from the jury, or for a new trial for mis-direction by the court to the jury, or because the verdict, or if a jury is waived the finding of the court is against the law and the evidence, or on the admission or rejection of evidence, the party excepting must reduce his exceptions to writing and present the same to the trial judge or judges for allowance within fifty days after the overruling of the motion for a new trial or the decision of the court where a motion for a new trial is not necessary, etc.”
Now this case, as appears by the bill of exceptions itself, as well as the balance of the record, was tried on the 26th of January, and the judgment rendered on the 31st of January; and on the 20th of August, of the same year, the bill of exceptions was first presented to the court, and on that day allowed, signed, and ordered made a part of the record. Clearly that bill of exceptions could not stand as any part of the *589 record of a trial that occurred in the court of common pleas in the latter part of January, 1894, for the reason that it was not filed in the court of common pleas within the time provided by law, to-wit: fifty days after the decision of the court of common pleas. It was claimed in argument that the judgment of the court of common pleas, upon the motion to re-hear and re-open the trial of the case, also provided that a bill of exceptions be taken and filed; but no bill of exceptions was taken upon that hearing, so far as appears here. This bill of exceptions shows plainly enough that it was taken at the trial of the case in January, and that none was taken at the re-hearing or the hearing of the motion for a re-hearing, in July, 1894, so that this bill of exceptions does not aid the plaintiffs at all as to the questions that were raised on the hearing of the motion to open up the judgment.
It is argued that the judgment of the court of common .pleas rendered in January was within the control of the court at that term, and that the filing of the motion during the term to re-hear it was a preliminary motion, and gave the court jurisdiction to hear it. It is unnecessary to examine that question, because, as I have said, this bill of exceptions does not relate to that hearing.
And that brings me to a second question which appears upon the record, which we have considered, and that is, whether the petition in error was filed in time, or whether it states any error at all committed by the court. The petition in error was filed on the 20th of August, 1894, and the statute provided at that time that it should be filed within six months from the rendition of the judgment or order excepted to or of which error was alleged. The judgment which disposed of this case was rendered on the 81st of January, and this petition in error was filed m this court on the 20th of August; that was more than six months, and hence as to all the errors which it is claimed that the court committed upon the trial of the case, the statute interposed its bar to the filing of the petition in error at the time this was filed. The petition in error, however, alleges that the court erred in overruling the motion for a re-hearing; but, as no bill of exceptions is submitted as to what the court acted upon, and there is nothing in the record to show what was before the court when that motion was heard, clearly this record does not disclose any error that the court committed in the overruling of that motion. The court may have been fully justified in overruling it upon the evidence heard and the facts submitted to it. So that ground of error is not sustained.
*590 As to all other assignments of error in the petition, the statute has interposed this bar; the petition was not filed in time to take advantage of any of these questions, therefore the motion to strike the bill of exceptions from the files will be allowed, and the judgment of the court upon the motion to re-hear the case, will be affirmed, and as to the assignment of error in the petition as to the original judgment, the petition will be dismissed at the cost of the plaintiffs in error.